UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAMUEL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03141-JMS-TAB |
| | ) | |
| WEXFORD OF INDIANA, LLC, | ) | |
| PAUL TALBOT, | ) | |
| MICHELLE LAFLOWER, | ) | |
| CARRIE STEPHENS, | ) | |
| ALEYCIA MCCULLOUGH, | ) | |
| CARRIE WELDER, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Preliminary Injunction**

Plaintiff Samuel Jackson, an inmate currently incarcerated at Pendleton Correctional Facility ("Pendleton"), brought this action against medical providers and other employees at Pendleton, including Dr. Paul Talbot and his employer, Wexford of Indiana, LLC ("Wexford). Mr. Jackson alleges that the defendants have provided and continue to provide deficient medical treatment for his severe foot fungus[1] and that his toes now appear to be infected, black and rotten.

Presently before the Court is Mr. Jackson's motion for a preliminary injunction. He asks the Court to order the defendants to have him evaluated by an outside doctor or specialist. The defendants were directed to respond to this motion for preliminary injunction when they answered the amended complaint. *See* dkt. 12. They failed to file a response. This leaves the affidavit

---

[1] A lay person has a sense of what a foot fungus looks like. However, it is possible that what Mr. Jackson has diagnosed as a foot fungus is really something else. Nothing in this Order should be understood to limit the toe condition at issue to a condition caused only by a fungus.

submitted by Mr. Jackson unopposed. This unopposed evidence shows that Mr. Jackson is entitled to a preliminary injunction.

**I.**
**Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

If the plaintiff passes the threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

II.
Discussion

A. Likelihood of Success on the Merits

The Court begins with whether Mr. Jackson has a likelihood of success on the merits of his Eighth Amendment medical claim. Mr. Jackson was and remains a convicted prisoner, thus his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc). To show deliberate indifference, "a plaintiff does not need to show that the official intended harm or believed that harm would occur," but "showing mere negligence is not enough." *Id.* at 728. Instead, a plaintiff must "provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Id.*

The uncontradicted evidence reflects that Mr. Jackson is "suffering from black fungus on [his] toe-nail that spread onto multiple toes and nails causing them to be infected, black and rotten

3

needing surgery, removed or amputated and the pain and suffering [he is] experiencing because [he is] not receiving adequate medical care or proper pain medication from the defendants is becoming unbearable." Dkt. 9-1 at ¶ 3.

A reasonable jury could, and likely would, infer that the progression of a fungus over the course of 19 years that gives the appearance that the plaintiff's toes are rotting is a serious medical need. And that the denial of responsive medical care including pain medication is due to deliberate indifference of the medical providers. Mr. Jackson has therefore shown a significant likelihood of success on his Eighth Amendment medical claim.

### B. No Adequate Remedy at Law

The Court turns next to the second factor, which asks whether there is "no adequate remedy at law." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted). This factor requires the plaintiff to establish "that any award would be seriously deficient as compared to the harm suffered." *Whitaker by Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (citations and quotation marks omitted).

Mr. Jackson presents undisputed evidence that a lay person can see that his toes need additional immediate medical attention and that he is in unbearable pain. He speculates that if the fungus progresses that his toes will have to be amputated. This is sufficient to establish this factor. *See Whitaker*, 858 F.3d at 1046 (holding that there is no "adequate remedy for preventable life-long diminished well-being and life-functioning" (internal quotation marks omitted)).

### C. Irreparable Harm

The third threshold factor requires Mr. Jackson to establish irreparable harm. "[H]arm is considered irreparable if it cannot be prevented or fully rectified by the final judgment after trial."

4

*Whitaker*, 858 F.3d at 1045 (citation and internal quotation marks omitted). For the same reasons Mr. Jackson has no adequate remedy at law, he has established that he faces irreparable harm absent a preliminary injunction.

**D.     Balance of Harms & Public Interest**

Because Mr. Jackson has established the above three threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood*, 896 F.3d at 816. The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

As noted above, Mr. Jackson has a significant likelihood of success on the merits given the record before the Court. Moreover, the balance of harms weighs heavily in the plaintiff's favor. He has presented evidence that he suffers due to the lack of treatment and risks further harm through the continuing progression of his condition. The defendants, on the other hand, have not presented any evidence, let alone evidence that they will suffer harm if a preliminary injunction is entered. Without such evidence, the balance of harms weighs in Mr. Jackson's favor.

For similar reasons, public interest favors granting a preliminary injunction. It is in the public interest to ensure that inmates' Eighth Amendment rights are upheld and that violations of them do not lead to unnecessary suffering or worse. More generally, the vindication of constitutional rights serves the public interest. *See Joelner v. Vill. of Washington Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004) ("Surely, upholding constitutional rights serves the public interest.")

5

(quoting *Newsom v. Albemarle County Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003)); *see also Preston v. Thompson*, 589 F.2d 300, 303 n.3 (7th Cir. 1978) ("The existence of a continuing constitutional violation constitutes proof of an irreparable harm, and its remedy certainly would serve the public interest.").

Accordingly, Mr. Jackson is entitled to a preliminary injunction.

### III.
### Conclusion

For the reasons explained above, Mr. Jackson's motion for preliminary injunction, dkt. [9], is **granted.**

Preliminary injunctive relief related to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Given the likelihood that Mr. Jackson can show his current medical providers are acting with deliberate indifference to his serious medical need, the preliminary injunction set forth below is the least intrusive means to correct the harm, while ensuring that the Court does not dictate specific medical treatments. The preliminary injunction automatically expires ninety days after the issuance of this Order. *Id.* Mr. Jackson may request that it be renewed by no later than **fourteen days** before the injunction expires.

The Court enters a preliminary injunction in Mr. Jackson's favor as follows:

In order to ensure that Mr. Jackson receives constitutionally adequate care, Dr. Talbot and Wexford of Indiana, LLC, shall refer Mr. Jackson to an outside dermatologist by no later than **November 23, 2019.** The Medical Defendants must follow the treatment recommend by the dermatologist while this injunction remains in effect. The dermatologist shall be given a copy of this Order. The Medical Defendants shall **report no later than November 23, 2019,** that the referral has been made and the date the appointment is scheduled. This

report may be filed *ex parte* only if Mr. Jackson is not given notice of the date of the appointment.

Consistent with Seventh Circuit's holding in *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, No. 19-2200, 2019 WL 5280872, at *1 (7th Cir. Oct. 18, 2019), this injunction shall be set forth in a separate Order without reference to any other document. *Id.* at *2 (described as a separate-document requirement by dissent).

**IT IS SO ORDERED.**

Date: 10/29/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SAMUEL JACKSON
913731
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com