UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAMUEL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03141-JMS-TAB |
| | ) | |
| WEXFORD OF INDIANA, LLC, | ) | |
| PAUL TALBOT, | ) | |
| MICHELLE LAFLOWER, | ) | |
| CARRIE STEPHENS, | ) | |
| ALEYCIA MCCULLOUGH, | ) | |
| CARRIE WELDER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions for Preliminary Injunction**

Plaintiff Samuel Jackson, an inmate currently incarcerated at Pendleton Correctional Facility ("Pendleton"), brought this action against medical providers and other employees at Pendleton, including Dr. Paul Talbot and his employer, Wexford of Indiana, LLC ("Wexford). Mr. Jackson alleges that the defendants have and continue to provide deficient medical treatment for his severe foot fungus and that his toes now appear to be infected, black and rotten.

Presently before the Court is Mr. Jackson's motions for a renewed preliminary injunction. He asks the Court to order the defendants to arrange for a three-month follow-up appointment with Dr. David L. Martin, MD. For the reasons explained below, the motions for a renewed preliminary injunction, dkts [39], [42], and [50], are **denied.**

# I.
# Background

This Court previously granted Mr. Jackson's unopposed Motion for Preliminary Injunction, ordering the defendants to send Mr. Jackson for evaluation by a dermatologist and then to provide the recommended treatment. This injunction automatically expired after 90 days.

In accordance with the Court's order, Mr. Jackson was referred to see dermatologist Dr. David L. Martin. Mr. Jackson was evaluated on November 22, 2019. Dr. Martin's medical notes reflect that Mr. Jackson was diagnosed with "extensive onychomycosis of the toenails on both feet." Dkt. 50-1 at p. 1. Dr. Martin recommended treatment with terbinafine and "return in 3 months." *Id.* Mr. Jackson was prescribed an oral medication, terbinafine HCl 250 mg tablet, once a day for three months.

The defendants report that Mr. Jackson was provided with the oral medication, along with a medicated cream. Dkt. 43 at ¶ 3. The defendants have not, however, scheduled Mr. Jackson for a follow up appointment with Dr. Martin. Instead, they argue that follow-up with an on-site practitioner is appropriate.

# II.
# Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold

requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

If the plaintiff passes the threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018).

## III.
## Discussion

### A. Likelihood of Success on the Merits

The Court begins with whether Mr. Jackson has a likelihood of success on the merits of his Eighth Amendment medical claim. Mr. Jackson was and remains a convicted prisoner, thus his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir.

3

2016) (en banc). To show deliberate indifference, "a plaintiff does not need to show that the official intended harm or believed that harm would occur," but "showing mere negligence is not enough." *Id.* at 728. Instead, a plaintiff must "provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Id.*

At this time, the evidence is that Mr. Jackson has extensive onychomycosis. Mr. Jackson has been treated with an oral anti-fungal prescription medication for three months as directed by a specialist. There is no indication of whether that treatment was effective, although, Mr. Jackson suggests that he still experiences pain. Dkt. 50 at ¶ 7. The defendants argue that the condition can be controlled with appropriate hygiene, and that toe fungus cannot satisfy a serious medical need because the condition is only cosmetic. Dkt. 43 at ¶¶ 6 and 7. The medical defendant's arguments are not supported by evidence but appear to be based on a "simple Google search." *Id.* at ¶ 6.

The moving party bears the burden of proof and must establish by preponderance of the evidence that he is entitled to the requested relief. *Taylor v. Biglari*, 971 F. Supp. 2d 847, 852–53 (S.D. Ind. 2013). Despite the numerous print outs of website materials provided by Mr. Jackson, there is insufficient evidence in the record to support Mr. Jackson's claim that he is entitled to a follow up appointment with a specialist instead of a medical provider at the prison. *See* dkt. 46 (online materials). In the absence of specific evidence that his condition is not being adequately treated, he has not shown a significant likelihood of success on his Eighth Amendment medical claim. The Court emphasizes, however, that its ruling should not be read to indicate the Court is agreeing with defendants' argument that Mr. Jackson's toe condition is not a serious medical condition.

B.  **No Adequate Remedy at Law**

The Court turns next to the second factor, which asks whether there is "no adequate remedy at law." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted). This factor requires the plaintiff to establish "that any award would be seriously deficient as compared to the harm suffered." *Whitaker by Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (citations and quotation marks omitted).

Mr. Jackson has not presented any evidence that there is no adequate remedy at law for his injuries. There is no basis to conclude that the course of treatment prescribed by the specialist was unsuccessful or that additional care by a prison doctor and not a dermatologist will be inadequate.

C.  **Irreparable Harm**

The third threshold factor requires Mr. Jackson to establish irreparable harm. "[H]arm is considered irreparable if it cannot be prevented or fully rectified by the final judgment after trial." *Whitaker*, 858 F.3d at 1045 (citation and internal quotation marks omitted). For the same reasons Mr. Jackson has not shown that he no adequate remedy at law, he has not established that he faces irreparable harm if he is required to wait until final judgment to obtain additional equitable relief.

Accordingly, Mr. Jackson is not entitled to a renewed preliminary injunction.

## IV.
## Conclusion

For the reasons explained above, Mr. Jackson's motions for a renewed preliminary injunction, dkts. [39], [42], and [50], are **denied.**

**IT IS SO ORDERED.**

Date: 3/6/2020

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SAMUEL JACKSON
913731
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com